IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. STEPHENS | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| CITY OF PHILADELPHIA POLICE | : |
| DEPARTMENT, JOHN DOE POLICE | : |
| OFFICER NO. 1, JOHN DOE POLICE | : |
| OFFICER NO. 2 OF THE 39TH POLICE | : |
| DISTRICT, JOHN DOE POLICE | : |
| SARGENT AT THE POLICE ADMIN BLDG. | : NO. 12-6607 |

## MEMORANDUM OPINION

Savage, J.                                                                                                November 29, 2012

Defendants removed this action in which the plaintiff alleges that the defendant police officers assaulted him at various times and in different ways, and that the defendant City, despite knowing police officers were acting in "hostilities and brutalities," failed to take action. The defendants contend that the complaint alleges "violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983." Not. of Removal, ¶4. Contrary to the defendants' assertion, the action does not raise a federal question. Therefore, because there is no subject matter jurisdiction, this action will be remanded to the state court from which it was removed.

A defendant can remove an action from state court when there is either diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332 and 1441. Only state court actions which originally could have been filed in federal court can be removed by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987); *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002); *Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 92 (3d Cir. 1992). The defendants base removal on the purported

presence of a federal question under 28 U.S.C. 1441 (b).  Not. of Removal, ¶4.  They cannot and do not rely upon diversity of citizenship.  Thus, we must determine whether there is federal question jurisdiction.

Pursuant to the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question is presented in the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429.  The plaintiff, as the master of the complaint, may choose to have his case heard in state court by foregoing a federal claim. *Id.* at 399, 107 S.Ct. at 2433.  Consequently, a defendant cannot remove a case to federal court unless the plaintiff's complaint establishes that the claim "arises under" federal law.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841 (1983).

Here, the plaintiff's complaint does not assert any federal cause of action.  It does not allege a civil rights violation. The plaintiff alleges what can be characterized as state law causes of action.  No where does he reference any federal statute or constitutional provision.

The plaintiff chose not to present civil rights claims in his complaint.  He is not asserting that any federal law created his cause of action.  See, *Id.* at 27-28, 103 S.Ct. at 2856.  Nor is his right to relief dependent on the resolution of any question of federal law. *Id.*  The defendants cannot force him to do so.  Nor can they transform the state claims into federal ones because the plaintiff could have done so.

Because the plaintiff does not assert any claim raising a federal question, the federal court lacks subject matter jurisdiction. Therefore, this matter will be remanded to the Court of Common Pleas of Philadelphia County.